MEMORANDUM **
California state prisoner Varían White appeals pro se from the district court’s summary judgment in his 42 U.S.C. § 1983 action claiming illegal seizure, unlawful arrest, false imprisonment, and malicious prosecution. We have jurisdiction under *664 28 U.S.C. § 1291. We review de novo, Haynie v. County of Los Angeles, 339 F.3d 1071, 1075 (9th Cir.2003), and affirm.
The district court properly concluded that the officer had probable cause to stop White and his vehicle because the taillights on the vehicle had been modified with red tape in violation of the California Vehicle Code, White was unable to provide appropriate identification, a computer check revealed that White was on parole, and it is undisputed that White consented to the subsequent search. See Cal. Vehicle Code § 26101 (“No person shall ... use upon a vehicle, any device that is intended to modify the original design or performance of any lighting equipment ...”); see also §§ 24252(a), 24003, 26104; City of Indianapolis v. Edmond,, 531 U.S. 32, 37, 121 S.Ct. 447, 148 L.Ed.2d 333 (2000) (“A search or seizure is ordinarily unreasonable in the absence of individualized suspicion of wrongdoing.”).
Because probable cause existed, White’s contentions regarding racial profiling and the denial of his request to compel defendants to respond to additional interrogatories regarding profiling, necessarily fail. See Whren v. United States, 517 U.S. 806, 811, 116 S.Ct. 1769, 135 L.Ed.2d 89 (1996) (rejecting “the principle that ulterior motives can invalidate police conduct that is justifiable on the basis of probable cause”).
AFFIRMED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.